IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AYONNA HEARD, on behalf of herself and similarly situated employees, | : : : | CIVIL ACTION |
| Plaintiff, | : | ELECTRONICALLY FILED |
| v. | : : | ON JULY 3, 2023 |
| MIDTOWN HOME HEALTH CARE LLC, Defendant. | : : : : | CLASS/COLLECTIVE ACTION |

## COMPLAINT - CLASS/COLLECTIVE ACTION

Ayonna Heard ("Plaintiff") brings this class/collective action lawsuit against Midtown Home Health Care LLC ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*., and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.*  Plaintiff's FLSA claim is asserted as a collective action under 29 U.S.C. § 216(b), while her PMWA claim is asserted as a class action under Federal Rule of Civil Procedure 23.  *See Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012) (collective and class claims may proceed together in same action).

### JURISDICTION AND VENUE

1. Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

3. Venue in this Court is proper under 28 U.S.C. § 1391.

### PARTIES

4. Plaintiff resides in Philadelphia, PA (Philadelphia County).

5. Plaintiff is an employee covered by the FLSA and the PMWA.

6. Defendant is a corporation headquartered in Philadelphia, PA (Philadelphia County).

7. Defendant is an employer covered by the FLSA and PMWA.

## FACTS

8. Defendant owns and operates a business that provides home health care services to clients in southeastern Pennsylvania. *See* https://mdtownhomehealthcare.com/ (last visited 6/28/23).

9. Defendant employs workers who are paid on an hourly basis to provide home care services to Defendant's clients. We will call these individuals "home care workers."

10. Plaintiff was employed by Defendant as a home care worker during the three-year period relevant to this lawsuit.

11. Like other home care workers, Plaintiff often worked over 40 hours per week. For example, during the week starting November 29, 2021, Defendant credited Plaintiff with working 70 hours.

12. The FLSA and PMWA require that employers pay employees overtime premium compensation for hours worked over 40 per week. For each overtime hour, employees must be paid an overtime premium equaling 150% of their "regular rate." *See* 29 U.S.C. § 207(a)(1); 43 P.S. § 333.104(c). The "regular rate" "mean[s] the hourly rate actually paid for the *normal, non-overtime workweek*." *Walling v. Helmerich & Payne, Inc.*, 323 U.S. 37 (1944) (emphasis supplied).

13. Plaintiff's regular rate was $13.50 per hour, and Defendant utilized this rate during Plaintiff's normal, non-overtime workweeks. For example, during the week starting November 22, 2021, Plaintiff was paid $13.50 per hour for 35 hours of work.

14. However, during weeks in which Plaintiff did work overtime, Defendant reduced Plaintiff's regular rate and calculated overtime premium compensation based upon that reduced rate. For example, in the week starting November 29, 2021, Plaintiff was credited with working a total of 70 hours and was paid $11.05 per hour for 40 hours of work, and $16.58 per hour for 30 hours of work. As this Court has observed, such a scheme violates the FLSA. *See Walsh v. Trimed Healthcare, LLC*, 2022 U.S. Dist. LEXIS 140261 (E.D. Pa. 2022) ("a pay structure using 'artificial regular rates' to avoid overtime payments is 'obviously inconsistent with the statutory purpose' of the [FLSA].").

15. As alleged in Counts I and II below, Defendant's policy of reducing the home care workers' regular pay rates during weeks in which they work overtime demonstrates a willful and reckless disregard of clearly applicable FLSA and PMWA provisions.

## CLASS/COLLECTIVE ACTION ALLEGATIONS

16. Plaintiff brings her FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b) and brings her PMWA claim as a class action pursuant to Federal Rule of Civil Procedure 23. She sues on behalf of all individuals who, during the past three years, have been employed by Defendant, paid an hourly wage, and credited with working over 40 hours during any week.

17. Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and other putative collective members, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

18. Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

19. The class is readily ascertainable based on Defendant's standard payroll records

and is so numerous that joinder of all class members is impracticable.

20. Plaintiff is a class member, her claims are typical of the claims of other class members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

21. Plaintiff and her lawyers will fairly and adequately represent the class members and their interests.

22. Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendant's companywide pay policies, as described herein. The legality of these policies will be determined through the application of generally applicable legal principles to a common set of facts.

23. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## **COUNT I - FLSA**

24. The FLSA entitles employees to overtime compensation of "not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). The term "regular rate" "mean[s] the hourly rate actually paid *for the normal, non-overtime workweek*." *Walling v. Helmerich & Payne, Inc.*, 323 U.S. 37 (1944) (emphasis supplied).

25. Defendant has violated the FLSA by reducing the regular hourly rate paid to Plaintiff and the collective during weeks in which they are credited with working over 40 hours. *See, e.g.*, *Walsh v. Trimed Healthcare, LLC*, 2022 U.S. Dist. LEXIS 140261 (E.D. Pa. 2022).

26. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions and, thus, has committed a willful violation of the FLSA.

## COUNT II

27. The PMWA requires that employees receive overtime premium compensation "not less than one and one-half times" the employee's regular pay rate for hours worked over 40 per week. *See* 43 P.S. § 333.104(c). Under the PMWA, the term "regular rate" should be construed consistently with FLSA principles to mean the hourly rate actually paid *for the normal, non-overtime workweek*.

28. Defendant has violated the PMWA by reducing the hourly rate paid to Plaintiff and the putative class during weeks in which they are credited with working over 40 hours.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and other members of the proposed class and collective, seeks the following relief:

A. Unpaid overtime wages and prejudgment interest;

B. Liquidated damages under the FLSA;

C. Litigation costs, expenses, and attorneys' fees; and

D. Such other and further relief as this Court deems just and proper.

Date: July 3, 2023                                             Respectfully,

Peter Winebrake
Michelle Tolodziecki
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
Phone: (215) 884-2491
mtolodziecki@winebrakelaw.com