IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AYONNA HEARD,<br>**Plaintiff,**<br><br>v.<br><br>MIDTOWN HOME HEALTH CARE LLC,<br>**Defendant.** | CIVIL ACTION<br><br><br><br><br>NO. 23-2553 |

### O R D E R

**AND NOW**, this 21st day of December, 2023, upon consideration of Plaintiff's "Unopposed Motion for Approval of FLSA Settlement" ("Motion") (ECF No. 13), the accompanying "Settlement Agreement and Release of Claims" ("Agreement") (ECF No. 13-1), the accompanying Declaration of Michelle Tolodziecki (ECF No. 13-2), the accompanying Memorandum of Law (ECF No. 14), and all other papers and proceedings herein, it is hereby **ORDERED** that the settlement of this Fair Labor Standards Act ("FLSA") action is **APPROVED**.

This Court generally reviews FLSA settlements to ensure that they represent "a reasonable compromise of contested issues and not merely a waiver of statutory rights caused by the employer's overreaching." *Gravely v. PetroChoice, LLC*, 2022 WL 2316174, at *1 at *3 (E.D. Pa. June 28, 2022) (citation omitted). In this regard, an FLSA settlement will be approved if it: (1) resolves a *bona fide* dispute under the FLSA; (2) is "fair and reasonable to the employees and (3) furthers the FLSA's enforcement in the workplace." *Id.* Here, the Court finds that each of these requirements is satisfied.

Pursuant to the instant settlement, Defendant will pay a total of $10,500. After accounting for attorney's fees and expenses, Plaintiff will receive a settlement payment of

$6,500. Based on Plaintiff's counsel's calculations, Plaintiff's settlement payment represents 179% of Plaintiff's alleged unpaid overtime wages, and almost 90% of her total alleged unpaid overtime wages and liquidated damages.

In addition, courts reviewing FLSA settlements generally review for reasonableness the attorney's fees and expenses sought to be recovered by Plaintiff's counsel. Here, the settlement provides Plaintiff's counsel from Winebrake & Santillo, LLC with a total payment of $4,000. After reducing this amount by the $551.25 in litigation expenses, we are left with a $3,448.75 fee, which constitutes 32.8% of the $10,500 settlement fund. This is a reasonable requested fee, as it falls well within the range of fees approved by federal judges in other wage and hour settlements. *See, e.g.*, *Goncalves v. AJC Constr. Inc.*, 2022 WL 2985636, at *4 (E.D. Pa. July 28, 2022) (fee of "slightly less than 36 percent of the total recovery . . . is a reasonable amount in FLSA cases"); *Gravely*, 2022 WL 2316174, at *2 (35% fee "in line with fee awards by courts in the Third Circuit"). Moreover, the fee's reasonableness is confirmed by evidence that the requested fee falls well below Plaintiff's counsel's reported lodestar using hourly rates described in the Philadelphia Community Legal Services fee schedule. *See* ECF No. 13-2.

Accordingly, the settlement is **APPROVED** and this action is **DISMISSED WITH PREJUDICE**. The Clerk of Court is directed to **TERMINATE** this matter and mark it **CLOSED**.

                                                         **BY THE COURT:**

                                                         /S/WENDY BEETLESTONE, J.
                                                         **WENDY BEETLESTONE, J.**